IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLIE HAWKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1918-M-BN |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Barbara M. G. Lynn.

Charlie Hawkins has filed a motion to remand to state court. *See* Dkt. No. 5. Wells Fargo Bank, N.A. filed a response. *See* Dkt. No. 11. The undersigned now enters the following findings of fact, conclusions of law, and recommendation that the Court grant the motion to remand to state court.

**Background**

This case concerns a lien on a Hawkins's property in Rowlett, Texas. Hawkins filed the case in the 439th Judicial District Court of Rockwall County, Texas on April 28, 2022. *See* Dkt. No. 1, Ex. D. Hawkins never formally served Wells Fargo. On May 27, 2022, Wells Fargo filed an answer in state court. *See* Dkt. No. 1, Ex. E.

Ninety-five days later, on August 30, 2022, Wells Fargo removed the case to this Court, alleging that the Court possesses diversity jurisdiction under 28 U.S.C. §

1332. *See* Dkt. No. 1. It adequately alleged that Hawkins was a citizen of Texas, that it was a citizen of South Dakota, and that the amount in controversy exceeded $75,000. Hawkins then filed this motion to remand to state court. *See* Dkt. No. 5.

## Legal Standard

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332; *cf. Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583-84 (1999) (discussing federal courts' independent duty to examine their own subject matter jurisdiction). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.,* 275 F.3d 414, 417 (5th Cir.2001). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.,* 841 F.2d 1254, 1259 (5th Cir.1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n. 2 (5th Cir.1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Notice of removal must be filed by the removing party within 30 days of defendant's receipt of service of the initial state-court pleading. *See* 28 U.S.C. § 1446(b). This thirty-day period to remove a case from state court does not begin to run until simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but, absent waiver of service, not by mere receipt of the complaint unattended by any formal service. *See Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 348-51 (1999).

Under Texas Rule of Civil Procedure 106, acceptable service is accomplished by "delivering to the defendant, in person, a true copy of the citation" or "mailing to the defendant by registered or certified mail ... a true copy of the citation." Tex. R. Civ. P. 106. The citation, unless directed otherwise by the court, must be delivered in person or by certified or registered mail. *See id.; see also Cross v. Grand Prairie,* No. 3:96-cv-446-P, 1998 WL 133143, at *6 (N.D. Tex. Mar. 17, 1998). While a court does not have power over a party named as defendant in the absence of service, the defendant can waive service. *See Murphy Bros., Inc.,* 526 U.S. at 350-51 ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.... Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." (citations omitted)).

For a federal court to have jurisdiction over a state action based on diversity, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

## Analysis

### I.  Wells Fargo's removal to federal court was untimely.

Hawkins does not dispute that diversity jurisdiction exists. Rather, he asserts that Wells Fargo's removal is untimely. The undersigned agrees.

*Murphy Brothers* makes clear that a plaintiff triggers the removal clock once they make formal service. *See Murphy Bros.,* 526 U.S. at 354. It also indicates that state law provides the method of service. *See id.* (categorizing "the various state provisions for service of the summons and the filing or service of the complaint").

The United States Court of Appeals for the Fifth Circuit confirmed this in *City of Clarksdale v. BellSouth Telecommunications, Inc.*, stating that, "[a]lthough federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law." 428 F.3d 206, 210 (5th Cir. 2005). "[W]e look to state law to verify that service of process effectively brought the defendant within the state court's jurisdiction" because, "[f]or a federal district court to have jurisdiction over a case removed from state court, the state court must first have jurisdiction." *Id.* at 210 n. 6 (citing *Woodham v. Northwestern Steel & Wire Co.,* 390 F.2d 27 (5th Cir. 1968); then *Lambert Run Coal Co. v. Baltimore & Ohio R.R.,* 258 U.S. 377, 382 (1922)).

The Texas Rules of Civil Procedure provide that an appearance in state court has "the same force and effect as if [a] citation had been duly issued and served as provided by law." TEX. R. CIV. P. 120. And "[a]n answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him." TEX R. CIV. P. 121.

An answer in a Texas state court has the same effect as if the defendant had been served as provided by law. Formal service starts the thirty-day removal clock. Therefore, a state-court answer has the effect of starting the removal clock.

Three Texas federal district courts that have issued decisions analyzing this issue have come to this conclusion. "In each case, these courts have held that Section 1446(b)'s thirty-day removal period for a defendant who had not been formally or properly served commenced to run on the date on which the defendant filed an answer in state court." *Esquivel v. LA Carrier*, 578 F. Supp. 3d 841 (W.D. Tex. 2022) (citing *Cerda v. 2004-EQRI, LLC*, No. SA-07-CV-632-XR, 2007 WL 2892000, at *3 (W.D. Tex. Oct. 1, 2007); *George-Baunchand v. Wells Fargo Home Mortg., Inc.*, No. CIV.A. H-10-3828, 2010 WL 5173004, at *3-4 (S.D. Tex. Dec. 14, 2010); *Chambers v. Greentree Servicing, LLC*, No. 3:15-cv-1879-M-BN, 2015 WL 4716596, at *4 (N.D. Tex. Aug. 7, 2015)).

Wells Fargo removed this case to federal court ninety-five days after filing its answer in state court. And so the removal was untimely.

Wells Fargo relies on *Murphy Brothers* to contend that an answer in state court does not start the thirty-day removal clock. Its reliance on this case for that contention is misguided.

In *Murphy Brothers*, the plaintiff filed a complaint in state court. Three days later it faxed a courtesy copy of the complaint to one of the defendant's vice presidents. Fourteen days later, the plaintiff formally served the defendant. Thirty days after that formal service, the defendant removed to federal court. The Supreme Court held that the removal clock was started by "simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons but not by mere receipt of the complaint unattended by formal service." *Murphy Bros.,* 526 U.S. at 354 (quoting 28 U.S.C. § 1446(b)).

*Murphy Brothers* makes clear the actions that a plaintiff can and cannot take to start the removal clock. Wells Fargo is correct that the Court holds that formal service is required for the plaintiff to trigger the removal clock and that the phrase "service or otherwise" is not meant to allow plaintiffs to trigger the removal clock before service. *Id.* at 354-55.

But *Murphy Brothers* does not take up the question of what actions a defendant can take to start the removal clock. The Court partially answers this question when it clarifies that, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. If a

named defendant waives service, the removal clock will start. But *Murphy Brothers* is silent as to the effect on the removal clock where the named defendant has already decided to participate in the civil action by appearing in the case.

Courts therefore look to the state definition of service of process to determine what actions by a defendant who has decided to participate in the civil action dispense with the need for formal service of process. In Texas, an answer does just that. And so Wells Fargo cannot rely on *Murphy Brothers* to argue that an answer does not start the removal clock.

Because Wells Fargo removed the case to federal court more than thirty days after filing an answer in state court, the Court should remand this case to state court.

## II.     Hawkins should not be awarded attorney's fees

Hawkins seeks to recover his attorney's fees, expenses, and costs incurred for obtaining a remand of this action to state court. *See* Dkt. No. 5 at 4. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The "decision to grant or deny attorneys' fees under Section 1447(c) is discretionary." *Western Healthcare, LLC v. Nat'l Fire & Marine Ins. Co.*, No. 3:16-cv-565-L, 2016 WL 7735761 at *2 (N.D. Tex. Dec. 28, 2016) (citing *Admiral Ins. Co. v. Abshire*, 574 F.2d 267, 280 (5th Cir. 2009)), *rec. adopted*, No. 3:16-cv-565-L, 2017 WL 118864 (N.D. Tex. Jan. 12, 2017). The standard for awarding fees under Section 1447(c) "turns on the reasonableness of the removal," "irrespective of the fact that it

might ultimately be determined that removal was improper." *Id.*; *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

Under this standard, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal [at the time removal was sought.] Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 358 F.3d 538, 541 (5th Cir. 2004); *Valdes*, 199 F.3d at 293). There is no "automatic entitlement to an award of attorney's fees," but bad faith is not "a prerequisite to awarding attorney fees and costs." *Valdes*, 199 F.3d at 292 (citation omitted). "A fee award is inappropriate if the removing party 'could conclude from [existing] case law that its position was not an unreasonable one.'" *Probasco v. Wal-Mart Stores Texas, L.L.C.*, 766 F. App'x 34, 37 (5th Cir. 2019) (quoting *Valdes*, 199 F.3d at 293).

The issue of whether a state-court answer triggers the thirty-day removal clock has not been taken up by the Supreme Court or the United States Court of Appeals for the Fifth Circuit, so there is no binding precedent clearly stating that Wells Fargo could not remove under these circumstances. *See also Mary v. Allstate Texas Lloyd's*, No. 3:16-cv-3383-L-BN, 2017 WL 7735066 at *10 (N.D. Tex. Oct. 5, 2017) (declining to award attorney's fees where the law regarding remand was not well-established), *rec. adopted*, No. 3:16-cv-3383-L-BN, 2017 WL 6462009 (N.D. Tex. Dec. 19, 2017).

And, although *Murphy Brothers* does not address whether a state court appearance will start the removal clock, it was at least not unreasonable for Wells Fargo to read the case as holding that there is no way for the removal clock to start other than by formal service on the defendant.

The undersigned recommends the Court conclude that, although incorrect, Wells Fargo had objectively reasonable grounds to remove this action because it did not think that that its time to remove had lapsed. And so Hawkins is not entitled to recover attorney's fees, expenses, and costs incurred as a result of the removal of this case to federal court.

**Recommendation**

The Court should grant Plaintiff's motion to remand to state court and remand this action to the 439th Judicial District Court of Rockwall County, Texas, from which it originated.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 30, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE